186 P.3d 1089 (2008)
Matthew SOUTHWICK, Appellant,
v.
SEATTLE POLICE OFFICER JOHN DOE # s 1-5 and King County Correctional Employee John Doe # s 1-5, Defendants,
City of Seattle and King County, Washington, Respondents.
No. 59283-1-I.
Court of Appeals of Washington, Division 1.
May 5, 2008.
Publication Ordered June 19, 2008.
*1090 Zachary Lynch Fleet, Attorney at Law, Seattle, WA, for Appellant.
Stephen Powell Larson, Stafford Frey Cooper, Charles Craig Parker, King Co. Admin. Bldg., Seattle, WA, for Respondents.
LEACH, J.
¶ 1 Matthew Southwick appeals the dismissal of his claims against the City of Seattle for failure to state a claim upon which relief can be granted and his claims against King County on summary judgment. He contends that Washington's claims-filing statute, RCW 4.96.020(4), tolled the statute of limitations for his civil rights claims. He also asserts that the trial court improperly refused to consider an untimely declaration of a previously undisclosed expert filed in response to the county's summary judgment motion. We hold that RCW 4.96.020(4) does not toll an action brought under 42 U.S.C. § 1983 and that the trial court properly struck the untimely materials.

Background
¶ 2 Southwick was arrested by Seattle police officers on April 4, 2002. When he was booked into King County jail, he complained of shortness of breath and expressed fear that several of his ribs were broken during his arrest. He was examined by a nurse, who found no evidence of a broken rib and determined that his breathing appeared normal. He was examined again 36 hours later, at which time a nurse diagnosed a possible collapsed lung. Southwick was transferred to Harborview Medical Center, where the diagnosis of a collapsed lung was confirmed.
¶ 3 Southwick remained at Harborview for 10 days, during which time he developed a streptococcal infection. He was treated with antibiotics before being returned to the King *1091 County jail infirmary. He was released several days later.
¶ 4 On June 3, 2005, Southwick filed a complaint against unnamed Seattle police officers, the City of Seattle, and King County, alleging assault and battery, wrongful arrest, negligence, and civil rights violations under 42 U.S.C. § 1983.
¶ 5 On November 28, 2005, the trial court granted the city's motion to dismiss, ruling that Southwick's claims against it were barred by the statutes of limitations.
¶ 6 On October 11, 2006, King County filed a motion for summary judgment, arguing that Southwick had not identified any witnesses to support the allegations of his complaint. The county also presented expert testimony that Southwick was provided access to appropriate medical care and that the care he received while incarcerated was proper. This motion was set for hearing on November 17, 2006, 10 days before the scheduled trial date.
¶ 7 On November 14, 2006, Southwick filed his responsive brief together with a declaration by Jacob R. Fleet, M.D.. Dr. Fleet had not previously been identified by Southwick as a witness, either in response to outstanding and unanswered discovery requests served July 18, 2006, or as required by the case scheduling order and local court rule. Southwick did not request a continuance under CR 56(f). King County moved to strike Dr. Fleet's declaration on the basis of Southwick's nondisclosure and his untimely filing.
¶ 8 The trial court granted the county's motion to strike Dr. Fleet's declaration but considered Southwick's untimely brief. It then granted summary judgment in favor of the county.

Standard of Review
¶ 9 Whether dismissal of Southwick's claims against the city was appropriate under CR 12(b)(6) is a question of law that we review de novo.[1] Under CR 12(b)(6), dismissal is appropriate only when it appears beyond doubt that the claimant can prove no set of facts, consistent with the complaint, which would justify recovery.[2] Such motions should be granted "sparingly and with care," and only in the unusual case in which the plaintiff's allegations show on the face of the complaint an insuperable bar to relief.[3]
¶ 10 We review summary judgment de novo, engaging in the same inquiry as the trial court.[4] Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[5]
¶ 11 The decision to exclude witnesses who are not properly disclosed in discovery is within the trial court's discretion.[6] Likewise, a court's ruling on a motion to strike is reviewed for abuse of discretion.[7] However, when a motion to strike is made in conjunction with a motion for summary judgment, we review de novo.[8]

Discussion
Statute of Limitations
¶ 12 Against the city, Southwick alleged the intentional torts of assault and battery, and false arrest and imprisonment. These torts are subject to a two-year statute of limitations under RCW 4.16.100.[9] On appeal, Southwick does not contest the trial court's dismissal of these tort claims as barred by the statute of limitations. Rather, *1092 he asserts that his § 1983 civil rights claims were tolled under the Washington statute governing claims against local government entities.
¶ 13 Southwick was arrested on April 4, 2002. He filed his complaint three years and two months later, on June 3, 2005.
¶ 14 Since there is no statute of limitations for claims under 42 U.S.C. § 1983, the appropriate limitation period for a § 1983 action is the forum state's statute of limitations for personal injury cases, which in Washington is three years.[10]
¶ 15 Southwick argues that this three-year statute of limitations was tolled under RCW 4.96.020, which states that no action on any tort claim against a local governmental entity shall be commenced until 60 days have elapsed after the claim was first presented to its governing body.[11] The applicable period of limitations within which this action must be commenced is tolled during this 60-day period.[12]
¶ 16 Our Supreme Court recently held that RCW 4.96.020 does not apply to § 1983 actions.[13] Southwick acknowledges that state claims-filing statutes, like RCW 4.96.020, do not apply to § 1983 claims.[14] He argues, nonetheless, that while claims-filing statutes are inapplicable to § 1983 claims, the tolling provision of RCW 4.96.020 should be separately applied.
¶ 17 As the U.S. Supreme Court noted in Felder v. Casey,[15] the absence of any notice-of-claim provision is not a deficiency requiring the importation of such statutes into the federal civil rights scheme.[16] Because statutes of limitation are among the universally familiar aspects of litigation considered indispensable to any scheme of justice, it is entirely reasonable to assume that Congress did not intend to create a right enforceable in perpetuity.[17] Notice-of-claim provisions, by contrast, are neither universally familiar nor in any sense indispensable prerequisites to litigation, and there is thus no reason to suppose that Congress intended federal courts to apply them.[18] When the court borrows a state statute of limitations for a federal cause of action it borrows no more from state law than necessary to fill the gap left by Congress.[19] The Felder court noted that a state law that conditions § 1983 recovery upon compliance with a rule designed to minimize governmental liability is inconsistent in both purpose and effect with the remedial objectives of federal civil rights law.[20]
¶ 18 Southwick relies on Harding v. Galceran[21] to support his argument in favor of tolling. The statute at issue in Harding prohibited actions against peace officers while criminal charges were pending against the claimant. This statute furthered the two objectives of preventing the use of a civil action as a discovery device in the criminal proceeding and preventing the use of a civil action as a plea bargaining lever.[22] The Harding court observed that refusing to toll the § 1983 limitation period would ignore these state policies and "the interrelationship between the statute of limitations and the tolling provision."[23] Tolling the statute when criminal charges are pending, the court held, enhanced the policies behind § 1983. No similar state policies are ignored by declining *1093 to separately import the tolling provisions of RCW 4.96.020(4) into the § 1983 limitation period.
¶ 19 The Ninth Circuit revisited the tolling issue in Silva v. Crain.[24] In Silva, the plaintiff filed a § 1983 action against a city, its mayor, and a police officer after California's one-year statute of limitations for personal injury suits had expired. The Plaintiff appealed the dismissal of his claim, pointing out that he was asserting a claim under statutes that required a plaintiff to present a claim to a public entity before filing an action against it.[25] Citing Harding, Silva argued that his case should be governed by the special statute of limitations contained within the claim-filing statutes.[26]
¶ 20 The Ninth Circuit disagreed, noting that the special statute of limitations applied only when claims were presented to a public agency. The court emphasized that state notice claims and their special statutes of limitations generally have no applicability to § 1983 actions.[27] The court held the statutes contained special statutes of limitations which apply in particular circumstances, and no more tolled the general tort statute of limitations than other wholly separate statutes of limitations.[28] The court described the plaintiff's attempt to use the provisions of the claims notice statute to resuscitate his case as futile, and emphatically rejected "any possible suggestion" that the claims-notice statute was a tolling statute.[29]
¶ 21 As in Silva, the relevant law is a notice of claims statute containing a tolling provision. The tolling provision of RCW 4.96.020(4) is not a general tolling provision applicable to all personal injury actions. It is contained in the same statute requiring a delay of 60 days following the mandatory filing of a state claim with a local government agency before the commencement of suit and is inextricably intertwined with this claim-filing requirement. It has no application generally to personal injury actions where no claim is required, and no applicability to § 1983.
¶ 22 Since Southwick was not required to file a claim with the city before commencing his federal § 1983 action, he was not delayed in commencing his action by the 60 days prescribed in RCW 4.96.020(4). The tolling period contained in subsection (4) of this statute is analogous to an equitable tolling of a statute of limitations when a party must exhaust administrative remedies before filing suit. However, no equitable tolling occurs when a party is not required to exhaust the available administrative remedies before filing suit.[30] Since Southwick was not burdened with any obligation to file a pre-suit claim, no valid purpose would be served by enlarging the limitation period. As the Silva court noted, state notice of claims statutes and their special statutes of limitations have no application to § 1983 claims. Therefore, we hold the tolling provision of RCW 4.96.020(4) cannot be separately applied to a § 1983 action.
Untimely Declaration
¶ 23 In its motion for summary judgment, the county asserted that Southwick had not identified any witnesses to support the allegations of his complaint. The county also submitted expert testimony supporting dismissal of Southwick's claims on the merits. Three days before the hearing on the county's motion, Southwick filed a declaration by Jacob Fleet, M.D., a physician who reviewed the medical records for Southwick. Dr. Fleet had not been previously disclosed. Upon the county's motion, the trial court struck Dr. Fleet's declaration, but considered Southwick's untimely brief. At oral argument counsel for Southwick conceded that, without Dr. Fleet's declaration, the record raised no genuine issue of material fact regarding the county's dismissal.
¶ 24 Southwick asserts that the court erred in striking Dr. Fleet's declaration. *1094 We disagree. The trial court has discretion whether to accept or reject an untimely declaration.[31] In addition, CR 56(e) requires that a declaration be limited to matters that would be admissible in evidence. As noted, Dr. Fleet was not disclosed as a witness within the time required by the court's scheduling order. KCLR 16(a)(4) provides that any witness not timely disclosed "may not be used at trial, unless the Court orders otherwise for good cause and subject to such conditions as justice requires." A trial court properly excludes testimony of a witness not disclosed in accordance with this rule, even in the absence of a showing of prejudice.[32] The trial court did not err in striking Dr. Fleet's declaration and therefore properly granted summary judgment in favor of the county.

Conclusion
¶ 25 The trial court's order of dismissal and its order of summary judgment are affirmed.
WE CONCUR: SCHINDLER, C.J., and COX, J.
NOTES
[1] State ex rel. Evergreen Freedom Found. v. Washington Educ. Ass'n, 140 Wash.2d 615, 629, 999 P.2d 602 (2000).
[2] Bravo v. Dolsen Cos., 125 Wash.2d 745, 750, 888 P.2d 147 (1995).
[3] Tenore v. AT & T Wireless Servs., 136 Wash.2d 322, 330, 962 P.2d 104 (1998).
[4] City of Sequim v. Malkasian, 157 Wash.2d 251, 261, 138 P.3d 943 (2006).
[5] CR 56(c).
[6] Dempere v. Nelson, 76 Wash.App. 403, 405-06, 886 P.2d 219 (1994).
[7] Orion Corp. v. State, 109 Wash.2d 621, 638, 747 P.2d 1062 (1987).
[8] Folsom v. Burger King, 135 Wash.2d 658, 663, 958 P.2d 301 (1998).
[9] Heckart v. City of Yakima, 42 Wash.App. 38, 39, 708 P.2d 407 (1985).
[10] Robinson v. Seattle, 119 Wash.2d 34, 86, 830 P.2d 318 (1992).
[11] RCW 4.96.020(4).
[12] RCW 4.96.020(4).
[13] Wright v. Terrell, 162 Wash.2d 192, 196, 170 P.3d 570 (2007) (citing to Felder v. Casey, 487 U.S. at 138, 108 S.Ct. 2302).
[14] Felder v. Casey, 487 U.S. 131, 138, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).
[15] 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).
[16] Felder, 487 U.S. at 140, 108 S.Ct. 2302.
[17] Felder, 487 U.S. at 140, 108 S.Ct. 2302.
[18] Felder, 487 U.S. at 140, 108 S.Ct. 2302.
[19] West v. CONRAIL, 481 U.S. 35, 39-40, 107 S.Ct. 1538, 95 L.Ed.2d 32, (1987).
[20] Felder, 487 U.S. at 153, 108 S.Ct. 2302.
[21] 889 F.2d 906 (9th Cir. 1989).
[22] Harding, 889 F.2d at 908-09.
[23] Harding, 889 F.2d at 909.
[24] 169 F.3d 608 (9th Cir. 1999).
[25] Silva 169 F.3d at 610.
[26] Silva 169 F.3d at 610.
[27] Silva 169 F.3d at 610.
[28] Silva, 169 F.3d at 611.
[29] Silva, 169 F.3d at 610-11.
[30] Milligan v. Thompson, 90 Wash.App. 586, 597, 953 P.2d 112 (1998).
[31] Brown v. Peoples Mortgage Co., 48 Wash.App. 554, 559, 739 P.2d 1188 (1987).
[32] Allied Fin. Servs. v. Mangum, 72 Wash.App. 164, 168-169, 864 P.2d 1 (1993).