# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GEORGE AYDELOTTE, | ) | |
| | ) | |
| Appellant, | ) | No. 70694-2-I |
| | ) | |
| v. | ) | |
| | ) | DIVISION ONE |
| TOWN OF SKYKOMISH; CHARLOTTE | ) | |
| MACKNER; HENRY SLADEK; and | ) | UNPUBLISHED OPINION |
| DARRELL JOSELYN, | ) | |
| | ) | |
| Respondents. | ) | FILED: March 16, 2015 |

SPEARMAN, C.J. – George Aydelotte alleged that the Town of Skykomish and various town council members negotiated an improper agreement of environmental cleanup issues and then retaliated against him when he tried to publicize the misconduct. Because he failed to demonstrate a material factual dispute, the trial court properly dismissed his claims on summary judgment. Aydelotte has also failed to demonstrate that the trial court erred or abused its discretion in denying his motion to amend the complaint and in failing to consider an untimely declaration and his untimely response to a request for admissions. We affirm.

## FACTS

Aydelotte filed this action against the Town of Skykomish and individual town council members (Town) on March 11, 2011. He requested injunctive and monetary relief for the Town's alleged improper demolition of his garage, the Town's agreement

to a conditional point of compliance for ground water quality, and the Town's placement of "institutional controls"[1] on Aydelotte's use of his property. Aydelotte alleged that the Town had retaliated against him after he exposed financial conflicts of interest in the Town's negotiation of a 2008 settlement with Burlington Northern Santa Fe Railroad (BNSF) "relating to certain property, compensation, and superfund cleanup issues."[2]

On October 5, 2012, the Town mailed its first set of interrogatories, first set of requests for admissions, and a request for statement of damages to Aydelotte. On January 18, 2013, after Aydelotte failed to respond, the Town moved to compel. Aydelotte did not respond. On February 8, 2013, the trial court entered an order granting the motion to compel and directing Aydelotte to respond to the first set of interrogatories and to the request for a statement of damages. The court also ruled that the first set of requests for admissions was deemed admitted under CR 36(a).

On May 3, 2013, the Town moved for summary judgment. Aydelotte did not file a response, but on June 4, 2013, three days before the scheduled hearing on the summary judgment motion, Aydelotte filed his answers to the Town's first request for admissions. On June 7, 2013, the trial court granted Aydelotte's motion to continue the hearing until June 25, 2013, to permit him to file a response to the summary judgment motion.

---

[1] Clerk's Papers (CP) at 110.

[2] CP at 109.

Aydelotte filed a declaration opposing summary judgment on June 13, 2013. On the same day, he also filed a motion to amend the complaint by adding new parties and claims.

On June 25, 2013, the court heard argument on the summary judgment motion. Aydelotte informed the court that he had filed a second declaration on June 24. The court noted that the declaration was untimely and in violation of the schedule that the court established at the first hearing and declined to consider it. The court also denied Aydelotte's motion to amend the complaint as untimely and procedurally improper. Concluding that Aydelotte had failed to demonstrate a material factual dispute, the court dismissed his claims on summary judgment.

## DISCUSSION

### Standard of Review

An appellate court reviews summary judgment orders de novo, undertaking the same inquiry as the trial court. See Greenhalgh v. Dep't of Corr., 160 Wn. App. 706, 713-14, 248 P.3d 150 (2011). We consider the materials before the trial court and construe the facts and inferences in the light most favorable to the nonmoving party. Hubbard v. Spokane County, 146 Wn.2d 699, 706-07, 50 P.3d 602 (2002). Summary judgment is proper only if there is no genuine issue of material fact. CR 56(c); Hubbard, 146 Wn.2d at 707 (citing Trimble v. Wash. State Univ., 140 Wn.2d 88, 92-93, 993 P.2d 259 (2000)).

### Summary Judgment

The moving party can satisfy its initial burden under CR 56 by demonstrating the absence of evidence supporting the nonmoving party's case. Young v. Key

Pharms., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue for trial. Kendall v. Douglas, Grant, Lincoln and Okanogan Public Hosp. Dist. No. 6, 118 Wn.2d 1, 8-9, 820 P.2d 497 (1991).

Aydelotte's complaint alleged two claims arising out of the Town's settlement of environmental cleanup issues: the Town's agreement "to a conditional point of compliance for ground water quality" and the Town's imposition of "institutional controls" on Aydelotte's use of his property. CP at 110. Neither below nor on appeal has Aydelotte cited any relevant authority indicating the existence of a private cause of action for the alleged claims or identified any admissible evidence tending to support such claims. A "'complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The trial court properly dismissed the claims on summary judgment.

Aydelotte's complaint also alleged that the Town had improperly demolished his garage in retaliation for his whistleblowing activities. Aydelotte denied the Town's assertion that the garage was on the Town's right of way.

When Aydelotte failed to file any response to the summary judgment motion by June 7, 2013, the scheduled hearing date, the trial court continued the hearing to permit him to file a substantive response. Aydelotte filed only a single timely declaration. The declaration failed to address the summary judgment motion and included no evidence supporting the specific claims in the underlying complaint.

On appeal, Aydelotte points to photographs in the record that, he alleges, depict debris the Town dumped on his rear stars. He claims that "[w]itnesses will testify who and when the debris was piled."[3]

But a party cannot create a factual dispute with bare allegations that witnesses will supply the supporting evidence at trial. In order to defeat a properly supported summary judgment motion, the nonmoving party

> may not rely on the allegations in the pleadings but must set forth specific facts by affidavit or otherwise that show a genuine issue exists. Additionally, any such affidavit must be based on personal knowledge admissible at trial and not merely on conclusory allegations, speculative statements or argumentative assertions.

Las v. Yellow Front Stores, Inc., 66 Wn. App. 196, 198, 831 P.2d 744 (1992) (citation omitted).

Despite the continuance, Aydelotte failed to submit any witness declarations, documents, or other admissible evidence raising a factual dispute as to the location of the Town's right of way or to the propriety of its demolition of the garage. The trial court did not err in dismissing the claim on summary judgment.

### Response to Request for Admissions

Aydelotte contends that the trial court erred in refusing to admit his belated response to the Town's request for admissions. But contrary to Aydelotte's assertion, the trial court refusal's to admit the belated response did not "preclude[] a resolution of the case on its merits. . . ."[4]

---

[3] Br. of Appellant at 12.

[4] Br. of Appellant at 5.

On February 8, 2013, after Aydelotte failed to respond to the Town's request for admissions or to the motion to compel, the trial court ruled that the requests would be deemed admitted. See CR 36(a). Aydelotte filed his answers to the Town's first request for admissions on June 4, 2013, three days before the scheduled summary judgment hearing.[5]

On appeal, Aydelotte has not challenged the court's ruling deeming the requests admitted. Nor has he demonstrated how his answers filed on June 4, 2013, even if considered, would have defeated the motion for summary judgment. After Aydelotte filed the answers, the trial court provided him with a full opportunity to submit a substantive response to the summary judgment. Despite this opportunity, Aydelotte failed to establish a material factual dispute. Because Aydelotte cannot demonstrate that he was prejudiced by the court's failure to admit the answers, any error was harmless.

### Untimely Declaration

Aydelotte contends that the trial court erred in refusing to consider his second declaration, which he filed on the afternoon of June 24, 2013, one day before the summary judgment hearing. The court had not yet received the declaration by the time of the hearing, but noted that the declaration was filed in violation of the schedule that the court set when it continued the hearing on June 7.

Aydelotte informed the court that the declaration proved that various individuals associated with the Town had been continuing their alleged acts of

---

[5] Aydelotte claimed that he did not receive either the request for admissions or the motion to compel because the wife of a councilman, who worked as a postal clerk, "diverted" his mail. Aydelotte failed to submit any evidence supporting this conclusory allegation.

harassment and misconduct in recent days. But he failed to identify anything in the declaration relevant to the specific claims at issue in the pending motion for summary judgment. Nor did Aydelotte request a continuance under CR 56(f). Under the circumstances, Aydelotte fails to demonstrate any abuse of discretion. See Southwick v. Seattle Police Officer John Doe # s 1-5 and King County Corr. Employ. John Doe # s 1-5, 145 Wn. App. 292, 301, 186 P.3d 1089 (2008) (trial court has discretion to accept or reject an untimely declaration).

## Motion to Amend Complaint

Aydelotte contends that the trial court erred in denying his motion to amend the complaint, but he has not supported the assignment of error with any meaningful legal argument. Failure to support assignments of error with legal arguments precludes review. Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056(1991).

Affirmed.

Spearman, C.J.

WE CONCUR:

Leach, J.

Schindler, J.

-7-