IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BOUNCE AND LASERTAG, LLC d/b/a, )<br>PUMP IT UP; and MUNNA CHOUDHRI, )<br> )<br>Respondents/Cross Appellants, )<br> )<br>v. )<br> )<br>KENT EAST COMMERCIAL, LLC; )<br>SATWANT SINGH; PRADEEP )<br>RATHINAM, and his marital community; )<br>and SHARMILA RATHINAM, and her )<br>marital community, )<br> )<br>Appellants/Cross Respondents. ) | No. 81132-1-I<br><br>DIVISION ONE<br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Kent East Commercial LLC (KEC) and Bounce and Lasertag LLC (Bounce) arbitrated a dispute over their commercial lease agreement. KEC appeals the trial court's order denying its motion to vacate and confirming the arbitration award. KEC argues the face of the award shows the arbitrator erred in awarding Bounce damages for lost profits. Bounce cross appeals, arguing the trial court erred in striking exhibits offered in opposition to KEC's motion to vacate. Because the face of the award shows the arbitrator exceeded his authority in awarding consequential damages prohibited under the lease, we reverse the trial court's order confirming the arbitration award and remand for the trial court to vacate the award and order a rehearing.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

In March 2017, KEC and Bounce executed a retail lease agreement for 10,000 square feet of commercial space in the city of Kent. Bounce planned to operate a Pump It Up franchise with "inflatable indoor playgrounds," laser tag,[1] and a pizzeria in the space. The lease included an "Arbitration Rider," calling for arbitration over most disputes.

A year and a half after executing the lease, Bounce requested arbitration, alleging KEC failed to complete tenant improvements and timely tender the space. Bounce named KEC and its members, Pradeep Rathinam, Sharmila Rathinam, and Satwant Singh, as parties to the arbitration. KEC alleged, among other things, that Bounce did not timely pay rent or its security deposit. An arbitrator held several hearings on the matter. He then issued an interim award, followed by a final award five months later.

In the final award, the arbitrator determined both parties had breached the lease. He awarded Bounce[2] $858,639 for lost profits and "miscellaneous" damages. He then reduced the award because the damages were "excessive and too speculative for a new operation that has not opened for business." The arbitrator also reduced the award to reflect that Bounce was 20 percent "culpable for what occurred." He settled on $500,000 in damages for Bounce.

The arbitrator awarded KEC $814,842 in damages for completed tenant improvements, lost rent, common area maintenance charges under the lease,

---

[1] "Laser tag" is a game in which players use toy guns to shoot infrared beams at each other while wearing specially designed vests sensitive to infrared light.

[2] The award also named Munna Choudhri, a member of Bounce. Choudhri signed the lease on behalf of Bounce.

cost of demolition and disposal, and commissions to release the premises. He then reduced the award by 80 percent commensurate with KEC's "degree of culpability." The net result of the arbitration award was $337,032 in favor of Bounce. The arbitrator also concluded that Bounce was the substantially prevailing party and awarded $80,768 in attorney fees and costs under the lease. In total, KEC and its members were held jointly and severally liable to Bounce for $417,800 in damages, attorney fees, and costs.

Bounce petitioned the King County Superior Court to confirm the arbitration award. KEC moved to vacate the award, arguing that the arbitrator exceeded his authority in awarding Bounce lost profits and holding individual members of KEC jointly and severally liable. In the alternative, KEC moved to modify the award because the arbitrator improperly reduced damages using the "tort-based concept of comparative fault." Bounce opposed the motions. It offered exhibits to show that KEC "was once again trying to game the justice system." The trial court granted KEC's motion to strike the exhibits.

After oral arguments, the court entered an order confirming the arbitration award. The court denied KEC's motions to vacate or modify. It entered a joint and several judgment against KEC, Pradeep,[3] Sharmila, and Singh.

KEC, Pradeep, Sharmila, and Singh (collectively KEC) appeal and Bounce cross appeals.

---

[3] We refer to Pradeep Rathinam and Sharmila Rathinam by their first names for clarity and intend no disrespect by doing so.

ANALYSIS

KEC argues that the trial court erred in confirming the arbitration award and entering judgment. Bounce cross appeals the trial court's order striking its exhibits offered in response to KEC's motions to vacate or modify the award.

Arbitration Award

KEC contends the trial court should have vacated the arbitration award because the face of the award shows that the arbitrator exceeded his authority in awarding Bounce its lost profits. According to KEC, lost profits are consequential damages, which the lease excludes. We agree.

Our courts encourage arbitration as a simpler, faster, and less expensive alternative to litigation. Mainline Rock & Ballast, Inc. v. Barnes, Inc., 8 Wn. App. 2d 594, 608, 439 P.3d 662, review denied, 193 Wn.2d 1033, 447 P.3d 158 (2019). To prevent parties from frustrating this goal by relitigating arbitration awards, we afford significant deference to arbitrators. Boyd v. Davis, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995). Our review of an arbitrator's award is limited "to that of the court which confirmed, vacated, modified, or corrected that award." Cummings v. Budget Tank Removal & Envtl. Servs., LLC, 163 Wn. App. 379, 388, 260 P.3d 220 (2011). We review only whether one of the statutory grounds to vacate an award exists. Salewski v. Pilchuck Veterinary Hosp., Inc., PS, 189 Wn. App. 898, 903-04, 359 P.3d 884 (2015). The party challenging the award has the burden of proving the existence of one of the grounds to vacate under RCW 7.04A.230(1). Salewski, 189 Wn. App. at 904.

4

KEC contends that the arbitration award here should be vacated under RCW 7.04A.230(1)(d). That section requires vacation of an award if the "arbitrator exceeded the arbitrator's powers." RCW 7.04A.230(1)(d).

In considering a motion to vacate an award because the arbitrator exceeded his powers, we examine whether the arbitrator decided a nonarbitrable issue, or whether there is an error of law on the face of the award. Agnew v. Lacey Co-Ply, 33 Wn. App. 283, 288, 654 P.2d 712 (1982); Broom v. Morgan Stanley DW Inc., 169 Wn.2d 231, 239, 236 P.3d 182 (2010).

> The "facial legal error standard is a very narrow ground for vacating an arbitral award." It does not extend to a potential legal error that depends on the consideration of the specific evidence offered or to an indirect sufficiency of the evidence challenge.[4]

Salewski, 189 Wn. App. at 904 (quoting Broom, 169 Wn.2d at 239). Instead, the error must be recognizable from the " 'face of the award.' " Salewski, 189 Wn. App. at 904 (quoting Federated Servs. Ins. Co. v. Pers. Representative of the Estate of Norberg, 101 Wn. App. 119, 123, 4 P.3d 844 (2000)). When a final award sets forth the arbitrator's reasoning along with the amount awarded, "any issue of law evident in the reasoning may also be considered as part of the face of the award." Cummings, 163 Wn. App. at 389.

KEC contends the arbitrator exceeded his authority by awarding Bounce lost profits as damages for KEC's breach. To address KEC's claim, we first "look to the contract to identify the issues the parties agreed to arbitrate and, therefore,

---

[4] Bounce invites us for the first time on appeal to abandon the facial legal error doctrine and "articulate a new standard that supports the policy underlying the 2005 Legislative changes to Washington's Arbitration Act," chapter 7.04A RCW. See LAWS OF 2005, ch. 433. We decline the invitation. We note, however, that we have continued to apply the facial legal error standard even after the 2005 amendments to the arbitration act. See Salewski, 189 Wn. App. at 904 (citing Broom, 169 Wn.2d at 239).

the scope of the arbitrator's authority." Morell v. Webush Morgan Sec. Inc., 143 Wn. App. 473, 485 n.4, 178 P.3d 387 (2008). Here, the parties executed an Arbitration Rider to their lease that subjects all claims "[o]ther than an action by Landlord against Tenant for nonpayment of Rent or for unlawful detainer" to arbitration. This includes "any controversy or claim arising out of or relating to the Lease, or the breach thereof." The parties agreed that they would conduct the arbitration "pursuant to the American Arbitration Association . . . Commercial Arbitration Rules with Expedited Procedures in effect on the date the parties entered into the Lease." They also agreed that the arbitrator "shall apply substantive law of the state in which the Premises are located and may award any remedy available at law or equity."

From the face of the arbitration award, we can determine that paragraph 21 of the lease provides, in part, " 'If [KEC] fails to cure any such default within the allotted time, [Bounce]'s sole remedy shall be to seek actual money damages (but not consequential or punitive damages) for loss arising from [KEC]'s failure to discharge its obligations." Under Washington law, "actual damages," otherwise known as "general damages," are awarded to compensate for actual and real loss or injury. Ellingson v. Spokane Mortg. Co., 19 Wn. App. 48, 57, 573 P.2d 389 (1978). General damages flow from the breach of a contract "in the ordinary course of events." RESTATEMENT (SECOND) OF CONTRACTS § 351(2)(a) (AM. LAW INST. 1981). In contrast, "consequential damages" are "[l]osses that do not flow directly and immediately from an injurious act but that result indirectly from the act." BLACK'S LAW DICTIONARY 472 (10th ed. 2014).

6

Lost profits may be awarded as damages "when (1) they are within the contemplation of the parties at the time the contract was entered, (2) they are the proximate result of [a party]'s breach, and (3) they are proven with reasonable certainty." Tiegs v. Watts, 135 Wn.2d 1, 17, 954 P.2d 877 (1998). Lost profits are consequential damages "when they would have been generated by transactions that were separate from, but depended upon, the contract that was breached." 25 DAVID K. DEWOLF ET AL., WASHINGTON PRACTICE: CONTRACT LAW & PRACTICE § 14:8, at 411 (3d ed. 2014).

The arbitrator awarded Bounce lost profits because "if the pizzeria had been able to open within a reasonable time frame, Claimant would have been able to make money from its operations." Profits generated from Bounce's operational pizzeria would be separate from, but depend on, the timely completion of tenant improvements under the lease. As a result, they are consequential damages disallowed under paragraph 21 of the lease.

Bounce contends the arbitrator "awarded lost profits based on his assessment of the Lease terms and the Parties' intent," which is not subject to review under the facial legal error doctrine. But the arbitrator's reasoning in the award does not support Bounce's argument. The arbitrator did not find that the terms of the lease reveal an intent by the parties to include lost profits as available damages. Rather, the arbitrator relied on New York case law to reclassify summarily the lost profits as actual damages.[5] He reasoned that the lost income "fall[s] naturally and necessarily from a breach of the Lease," was

---

[5] As much as the arbitrator relied on New York case law to reach this conclusion, he exceeded his powers. The Arbitration Rider called for resolving disputes using only Washington law.

"certainly foreseeable to the Landlord," and "[f]or the Tenant operating a small business, loss of income is about the only meaningful remedy available." He noted that the lease does not define "consequential damages"—"[there is] nothing that says lost income is a component of consequential damages or that lost income is prohibited as damages under the Lease." But the parties agreed to resolve their disputes under Washington law. And lost profits as awarded here are consequential damages under Washington law. On the face of the arbitration award, the arbitrator exceeded his authority in awarding lost profits as damages for KEC's breach of the lease.

When an arbitrator exceeds their authority in issuing an arbitration award, the court "shall vacate" the award. RCW 7.04A.230(1)(d). Upon vacating an arbitration award, "the court may, in its discretion, direct a rehearing either before the same arbitrators or before new arbitrators to be chosen in the manner provided in the agreement." Davidson v. Hensen, 135 Wn.2d 112, 120, 954 P.2d 1327 (1998). Because the arbitrator exceeded his authority by awarding Bounce lost profits, we remand to the trial court to vacate the arbitration award and order a rehearing.[6]

Order Striking Exhibits

Bounce cross appeals the trial court's order striking several exhibits offered in response to KEC's motions to vacate or modify the arbitration award.

---

[6] KEC also argues that the arbitrator exceeded his authority in naming individual members of KEC as parties to the arbitration and holding them jointly and severally liable. We do not reach this issue as we conclude that the trial court must vacate the arbitration award on separate grounds. Additionally, KEC contends that the arbitrator exceeded his authority by "importing the tort-based concept of comparative fault into an action for breach of a lease." We also do not reach this issue but note that the Arbitration Rider affords the arbitrator broad discretion to fashion damages in equity, so long as they are not contrary to Washington law.

According to Bounce, the court should have considered the exhibits in response "to the opposing party making false statements of fact about the substance of the underlying arbitration." We disagree.

We review a trial court's ruling on a motion to strike evidence for abuse of discretion. Southwick v. Seattle Police Officer John Does #s 1-5, 145 Wn. App. 292, 297, 186 P.3d 1089 (2008). All relevant evidence is admissible. ER 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Evidence that is not relevant is not admissible. ER 402.

In opposition to KEC's motions to vacate or modify the arbitration award, Bounce offered several exhibits to "counter KEC's false statements and claims." The exhibits included the arbitrator's biographic information, evidence of discovery violations and sanctions incurred during arbitration, e-mails between Bounce and KEC members, and a summary letter from the arbitrator detailing a telephonic conference. But the trial court can determine any legal error in the arbitration award from only the face of the award. See Salewski, 189 Wn. App. at 903-04. As a result, evidence outside the confines of the face of the arbitration award was not relevant. The court did not abuse its discretion in striking Bounce's exhibits.

Attorney Fees

KEC argues that the trial court erred by confirming the attorney fees awarded to Bounce in the arbitration agreement. Because we vacate the

arbitration award, KEC's claim is moot.  See Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005) ("A case is moot when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief.").

KEC also requests attorney fees on appeal under RAP 18.1, the terms of the lease, and RCW 4.84.330 (prevailing party in any action to enforce a contract or lease, which provides for attorney fees and costs, entitled to reasonable fees and costs).  The lease agreement provides for an award of attorney fees to the prevailing party.  We award KEC its fees on appeal as the prevailing party, subject to compliance with RAP 18.1(d).

Because the arbitrator exceeded his authority in awarding Bounce lost profits as damages for KEC's breach of the lease, we reverse and remand for the trial court to vacate the arbitration award and order a rehearing.

_____, J

WE CONCUR:

_____, J.          _____, J.

10