22 P.3d 839 (2001)
106 Wash.App. 226
Nancy FOX, Appellant,
Karen Persinger, as natural mother and guardian of Ashley Persinger and Stephanie Persinger, minor children, Plaintiffs,
v.
Timothy MAHONEY, Attorney at Law, Personal Representative For The Estate of Mary Peck, Deceased, Respondent.
No. 19294-6-III.
Court of Appeals of Washington, Division 3, Panel Seven.
May 15, 2001.
*840 Allen D. Brecke, Kennewick, for appellant.
James S. Berg, Yakima, for respondent.
KATO, J.
Nancy Fox was awarded damages for injuries she received in a car accident. Claiming the court erroneously excluded evidence of future medical expenses, she appeals. We agree and remand for new trial.
In May 1996, Ms. Fox was in a car accident caused by Mary Peck (now deceased). Ms. Fox received a cut on her lip that left a scar. She also suffered from pain in her ribs, back, and neck.
In July 1996, Ms. Fox began treatment with Dr. Charles Nelson for her injuries. At the initial visit, her most serious complaint was the pain in her upper lip. She also complained of pain in her ribs, right shoulder, and neck. Dr. Nelson determined that Ms. Fox had some shifting in her vertebrae and there was evidence of degenerative joint disease. Although these symptoms would have eventually surfaced, Dr. Nelson opined the accident accelerated them and recommended physical therapy. In September 1996, he discharged Ms. Fox with a guarded prognosis. He believed she would have permanent pain problems and might need surgery at some point in the future.[1]
In April 1999, Ms. Fox sued Timothy Mahoney, the personal representative of Mary Peck's estate for damages resulting from the car accident. Ms. Peck's liability was not contested. The case went to trial on damages only.
Ms. Fox incurred medical expenses of $2,546 for her treatment with Dr. Nelson. The parties stipulated that the charges were reasonable for the treatment she received, but the jury would determine if the treatment was necessary.
The jury awarded Ms. Fox $2,616.84 for past economic damages and also awarded her $500 for past noneconomic damages. She appealed.
Before trial, Ms. Fox informed Mr. Mahoney and the court that she intended to use a letter from Dr. Robert C. Luckey to establish her future medical expenses pursuant to ER 904(a)(1). The doctor had retired and moved to Canada and was unavailable to testify at trial. Ms. Fox had seen Dr. Luckey, a plastic surgeon, about the scar on her lip. His letter outlined the visit and the possible treatment options and costs for Ms. Fox. Arguing the letter was not for treatment purposes, Mr. Mahoney objected to its admission. The court agreed and excluded it.
[1,2] ER 904(a)(1) provides:
(a) Certain Documents Admissible. In a civil case, any of the following documents proposed as exhibits in accordance with section (b) of this rule shall be deemed admissible unless objection is made under section (c) of this rule:
(1) A bill, report made for the purpose of treatment, chart, record of a hospital, doctor, dentist, registered nurse, licensed practice nurse, physical therapist, psychologist or other health care provider, on a letterhead or billhead[.]
The purpose of ER 904 is to expedite the admission of documentary evidence. Miller v. Arctic Alaska Fisheries Corp., 133 Wash.2d 250, 258, 944 P.2d 1005 (1997). ER 904 does not require the court to admit documents offered under this rule; rather it may exercise its traditional discretion to address a party's evidentiary objection and admit or *841 exclude the evidence. Id. at 259, 944 P.2d 1005.
The question is whether Dr. Luckey's letter was for the purpose of treatment. "Treatment" is not defined either in the rule or by case law. The drafters, however, indicated that a "report made for the purpose of treatment" would include medical reports actually prepared in the course of treatment, but not reports prepared for forensic purposes. 5C Karl B. Tegland, WASHINGTON PRACTICE, EVIDENCE, § 904.2, pg. 227 (4th ed.1999).
Dr. Luckey examined Ms. Fox to evaluate the scar she received in the car accident. He wrote a letter to her attorney addressing the scar and the various options for its removal or minimization. Dr. Luckey believed that for $3,500, he could produce the best result possible for Ms. Fox.
This letter was for the purpose of treatment as intended by ER 904. It was not merely a forensic report. See CR 35. Ms. Fox went to see Dr. Luckey, a plastic surgeon, to determine how best to treat her scar. From the beginning, the pain in her lip and the scar were Ms. Fox's biggest complaints. The letter outlined her treatment options and was admissible under ER 904(a).[2]
This letter may also have been admissible under RCW 5.45.020, the Uniform Business Records as Evidence Act. Moreover, there is no indication that Dr. Luckey could not have testified about the same information contained in his letter had he been available at trial. Absent any substantive evidentiary reason to exclude the letter, the trial court abused its discretion by doing so because there is no tenable basis for its decision. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).
The next question is whether exclusion of Dr. Luckey's letter was prejudicial. The letter was evidence of future medical expenses Ms. Fox was likely to incur in fixing the scar. Deciding if those expenses were reasonably necessary was a question for the jury. Because this letter was not admitted, it was prevented from considering this possibility of future treatment. The court's failure to admit the letter constitutes reversible error.
Ms. Fox also claims the court erred by not awarding her prejudgment interest on the past economic damages. Prejudgment interest is awarded when the amount of damages claimed is "liquidated." Car Wash Enters., Inc. v. Kampanos, 74 Wash.App. 537, 548, 874 P.2d 868 (1994). Because the jury was entitled to exercise its discretion to determine if her medical expenses were necessary, the claim was unliquidated and prejudgment interest could not be awarded. See Car Wash Enters., 74 Wash.App. at 549, 874 P.2d 868; Hansen v. Rothaus, 107 Wash.2d 468, 477, 730 P.2d 662 (1986).
The case is remanded for new trial.
WE CONCUR: KURTZ, C.J., SCHULTHEIS, J.
NOTES
[1] Dr. Chester McLaughlin conducted an independent medical examination of Ms. Fox and disagreed with Dr. Nelson's assessment. He concluded her problems existed prior to the accident. He also stated her prognosis was excellent and no further treatment was necessary.
[2] Mr. Mahoney argues that because the letter was addressed to Ms. Fox's counsel, it could not have been for the purpose of treatment but was merely forensic. We disagree. To whom the letter was addressed is not dispositive. What is of consequence is the type of information contained in the letter.