151 P.3d 219 (2007)
LUTZ TILE, INC., Respondent,
v.
Paul and Kathy KRECH, Appellants.
No. 33573-5-II.
Court of Appeals of Washington, Division 2.
January 30, 2007.
*220 Terry Robinson, Attorney at Law, Puyallup, WA, for Appellants.
Robert William Denomy Jr., Attorney at Law, Justin David Bristol, McFerran & Burns PS, Tacoma, WA, for Respondents.
PENOYAR, J.
¶ 1 Paul and Kathy Krech assert that the trial court improperly admitted an expert report into evidence under the "catch-all" provision of ER 904 which provides for the admission of certain documentary evidence. In the report, Eric Astrachan gave his expert opinion on the color uniformity of the tile installed in the Kreches' home. We hold that the trial court erred in admitting the expert report under the ER 904 "catch-all" provision. Because no prejudice resulted from the admission of the report, we affirm.

FACTS
¶ 2 Paul and Kathy Krech retained Lutz Tile, Inc. to handle tile work in their home. When the tile installation was almost complete, the Kreches told Lutz they were not satisfied with the color variation of the tiles and refused to pay Lutz. Lutz sued the Kreches for breach of contract and the Kreches counter-sued for breach of contract, claiming that they were not satisfied with the tile color and texture variation.
¶ 3 During trial, the court admitted a report by Astrachan, Executive Director of the Tile Council of North America, in which he concluded that none of the tiles in the Kreches' home exceeded normal and allowable color variation and that the tile installation in the Kreches' home was well-within industry standards for color uniformity. The Kreches objected to admission of the report.
¶ 4 ER 904 allows admission of certain documentary evidence if the document falls under the scope of ER 904, all parties receive notice at least thirty days before trial, and no objection is made by any party within fourteen days of that notice. ER 904(b). The court admitted Astrachan's expert report under ER 904 because the Kreches did not offer any objection to its admission within fourteen days of receiving notice from Lutz.
¶ 5 John Lutz, owner of Lutz, also testified at trial. He corroborated Astrachan's report, testifying that the Kreches' tile variation was normal. Tim Sentner and Tim Roetter, who installed the tile for the Kreches, also testified that the tile variations were within normal limits. Sentner explained that tile color shading differences existed on "almost every job he's done in twenty years." Clerk's Papers (CP) at 23. Dean Hoisington, a nationwide distributor of tile, also testified that he considered the tile variation in the Kreches' home within normal limits. The *221 court found that Don Vermillion, the Kreches' general contractor, considered the tile variance normal until Vermillion learned of the Kreches' dissatisfaction. The court stated:
It is of significance that all the experts, including the tile installers who were independent contractors, and other people, including defendant Kathy Krech, were well satisfied with both the installation and the color of the floor tile until Paul Krech, now months in default in his obligations, expressed that the tile was unacceptable to his subjective impression.
CP at 33.
¶ 6 The court found that all tile varies in color and shading and that the variation in the Kreches' tile was normal and within industry standards. The trial court found for Lutz and ordered the Kreches pay the outstanding amount due under the parties' agreement.
¶ 7 In reaching its decision, the court relied on the expert testimony from Lutz, Sentner, Roetter, Hoisington, and Astrachan, and lay testimony from tile salesperson, Bonita Hood-Harris, and general contractor, Vermillion. The court also reviewed pictures of the tile submitted as Exhibits. The court found that the experts agreed that tile will always have some color and shading differential and found that the Kreches' tile was within industry standards.

ANALYSIS
I. ADMISSION OF THE EXPERT REPORT UNDER ER 904
¶ 8 Lutz asserts that the expert report was properly admitted under ER 904 because it is related to a material fact of this case and because forensic expert reports are routinely admitted as trustworthy. We disagree.
¶ 9 When we interpret court rules, we apply the same principles we apply when determining the meaning of statutes the Legislature drafted. City of Bellevue v. Hellenthal, 144 Wash.2d 425, 431, 28 P.3d 744 (2001). The cardinal principle is that we ascertain and carry out the intent of the drafting body. City of Bellevue, 144 Wash.2d at 431, 28 P.3d 744. If the rule's language is clear on its face, we give effect to its plain meaning and assume the rule means exactly what is intended. City of Bellevue, 144 Wash.2d at 431, 28 P.3d 744. ER 904 is designed to expedite the admission of documentary evidence. Miller v. Arctic Alaska Fisheries Corp., 133 Wash.2d 250, 258, 944 P.2d 1005 (1997). Under the rule, certain documents are deemed admissible and authentic before trial unless the party opposing admission objects consistent with the timing provisions of the rule. ER 904(a), (c). In a civil case, the rule allows for admission of:
any of the following documents . . . ;
(1) A bill, report made for the purpose of treatment, chart, or record of a hospital, doctor, dentist, registered nurse, licensed practical nurse, physical therapist, psychologist or other health care provider, on a letterhead or billhead;
(2) A bill for drugs, medical appliances or other related expenses on a letterhead or billhead;
(3) A bill for, or an estimate of, property damage on a letterhead or billhead. In the case of an estimate, the party intending to offer the estimate shall forward a copy to the adverse party with a statement indicating whether or not the property was repaired, and if it was, whether the estimated repairs were made in full or in part and attach a copy of the receipted bill showing the items of repair and amounts paid;
(4) A weather or traffic signal report, or standard United States government table;
(5) A photograph, x-ray, drawing, map, blueprint or similar documentary evidence;
(6) A document not specifically covered by any of the foregoing provisions but relating to a material fact and having equivalent circumstantial guaranties of trustworthiness, the admission of which would serve the interest of justice.
ER 904(a) (emphasis added). The well known canon of statutory construction known as "ejusdem generis" provides that when a general term is in sequence with specific terms, the general term is restricted to items similar to the specific terms. Cockle v. Labor & Indus., 142 Wash.2d 801, 808, 16 P.3d *222 583 (2001) (citing BLACK'S LAW DICTIONARY 517 (6th ed.1990)).
¶ 10 The parties cite to no authority interpreting ER 904(a)(6) and we have found none in our independent review. From the few cases that discuss the scope of ER 904, the rule seems to be intended to only cover routine documentary evidence like hospital records and photographs and not documents that present conclusions or opinions on evidence.
¶ 11 The Washington Supreme Court explained that documentary evidence is inadmissible for the purpose of proving any conclusions recorded in the documents. Miller, 133 Wash.2d at 260 n. 4, 944 P.2d 1005. Thus, notes, evaluations, test results, and reports are not admissible as business records. See State v. Nation, 110 Wash.App. 651, 661-62, 41 P.3d 1204 (2002).
¶ 12 In Fox v. Mahoney, 106 Wash.App. 226, 22 P.3d 839 (2001), the court stressed the difference between admitting a document that was prepared for the purpose of medical treatment and a document prepared for forensic purposes. If prepared for medical treatment, ER 904 applied; if prepared for forensic purposes, ER 904 did not. Fox, 106 Wash.App. at 229, 22 P.3d 839. The rule is only designed to expedite the admission of documentary evidence that is objective and for which cross-examination is not necessary. See Miller, 133 Wash.2d at 250, 944 P.2d 1005. Documents that contain subjective facts, opinions, and conclusions are not properly admitted under ER 904 because the parties should have a chance to cross-examine the opinions and conclusions and present alternate opinions.
¶ 13 The specifically enumerated examples of documents in ER 904(a)(1)-(5) are documents containing factual information, not opinions that two minds could reasonably interpret differently. Applying the doctrine of "ejusdem generic," the catch-all provision of the rule is also meant to apply to documents containing facts, not opinions.
¶ 14 In this case, Astrachan's report clearly included his opinion about the variation of tile color. Because it contains Astrachan's conclusions and opinion, it should not have been admitted under the catch-all provision of ER 904(a)(6). We reject Lutz's assertion that any document that relates to a material fact and has guarantees of trustworthiness can be admitted under ER 904(a)(6). We hold that the trial court erred in admitting Astrachan's expert report under ER 904.
¶ 15 An evidentiary error requires reversal only if it results in prejudice; only if it is reasonable to conclude that the trial outcome would have been materially affected had the error not occurred. State v. Tharp, 96 Wash.2d 591, 599, 637 P.2d 961 (1981); see also State v. Bourgeois, 133 Wash.2d 389, 403, 945 P.2d 1120 (1997). Here, although it was error, the admission of the report was harmless and not prejudicial and we will not reverse the trial court's decision. The trial court relied not only on the report, but also on expert testimony from Lutz, the two tile installers, Sentner and Roetter, and a national tile distributor, Hoisington, which testimony provided substantial evidence supporting the trial court's decision. All the experts agreed that tile color and shading always exists in tile simply because of the heating process and materials involved in tile manufacturing.
¶ 16 The Kreches' argue that the trial court erred in admitting Astrachan's report because he was not qualified as an expert, the report was hearsay, speculative, and not relevant. The Kreches also argue that they were not given proper notice that the report would be admitted under ER 904. We need not address these issues because we hold that the report was improperly admitted under ER 904 but that no prejudice resulted. We affirm.
II. ATTORNEY FEES
¶ 17 Lutz requests attorney fees and costs on appeal under RAP 18.9, arguing that the Kreches' appeal is frivolous. An appellate court may order a party to pay compensatory damages or terms for filing a frivolous appeal. RAP 18.9(a). An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of *223 merit that there is no possibility of reversal. Ramirez v. Dimond, 70 Wash.App. 729, 855 P.2d 338 (1993). And we resolve all doubts to whether an appeal is frivolous in favor of the appellant. Camer v. Seattle Sch. Dist. No. 1, 52 Wash.App. 531, 762 P.2d 356 (1988).
¶ 18 The Kreches' appeal is not frivolous. Astrachan's report should not have been admitted under ER 904. Furthermore, the Kreches, and even the trial court, seemed unclear about which evidentiary rule applied to the report. Therefore, the Kreches' arguments concerning Astrachan's qualifications as an expert were not devoid of merit. We decline to award attorney fees and costs to Lutz.
¶ 19 We affirm.
We concur: HOUGHTON, C.J., and BRIDGEWATER, J.