IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| 5229 UNIVERSITY, LLC, a Washington limited liability company; Z REAL ESTATE, INC., a Washington corporation; RUN YOUNG USA, LLC, an Oregon limited liability company; 4501 38th WEST SEATTLE, LLC, a Washington limited liability company; ZN PROPERTIES, LLC, a Washington limited liability company, | ) ) ) ) ) ) ) ) ) | No. 81571-7-I DIVISION ONE UNPUBLISHED OPINION |
| Respondents, | ) ) ) | |
| v. | ) ) ) | |
| JIALIN LI, an individual, | ) ) ) | |
| Appellant. | ) ) ) | |

HAZELRIGG, J. — Several Washington business entities ask this court to review the trial court's denial of attorney fees and costs arising from claims of frivolous lien and wrongful garnishment. Because the liens and garnishment were filed with substantial justification, the trial court did not abuse its discretion in declining to award fees or costs and we affirm.

FACTS

Haolin Zheng and Jialin Li were married in the People's Republic of China in 2011, and later moved to Washington. They have two children. Zheng's parents live in China, and after a visit to Oregon in 2013, they became interested in

investing in the United States. At that time, law in China prevented its citizens from investing in entities such as limited liability companies (LLCs). Zheng's parents elected to work through him, directing funds to bank accounts owned by Zheng, and purchased properties in Zheng's name. Chinese law as to foreign investments changed in 2015. The family made several real estate investments through various LLCs and corporations. In May 2018, Li filed for divorce in King County, Washington. Zheng drained the only bank account to which Li had access to and cut off her credit card.[1] Zheng's mother evicted Li and the children from their home. During the dissolution proceeding, Zheng disappeared to China and stopped paying court-ordered support and tuition for the children. After realizing Zheng had left the country, counsel for Li placed "marital liens" on several properties and garnished a U.S. Bank account. Several LLCs belonging to Zheng and his parents (collectively, the Zheng/Zhang LLCs) filed suit to remove the liens and garnishments.

After a bench trial and detailed tracing of assets through expert testimony and reports, the trial judge found the marital community had no legal entitlement to the properties or the bank account. Rather, all the properties and accounts belonged to various LLCs owned entirely by Zheng's family and friends. As a result, the trial court held that the liens recorded by Li and the garnishment of the bank account lacked the proper legal basis. However, the trial court also held the

---

[1] The Zheng/Zhang LLCs urge this court to overlook Zheng's misconduct as irrelevant. We decline. Zheng's misconduct, and the participation of his family in that misconduct, created the exact justification which precludes them from being awarded attorney fees.

property owners were not entitled to attorney fees or costs and expressly rejected their request. The Zheng/Zhang LLCs appeal.

ANALYSIS

The Zheng/Zhang LLCs challenge the trial court's ruling denying their request for attorney fees or costs. They argue that Li had no reasonable basis for filing the liens against the properties or garnishing the bank account because the assets belonged to LLCs owned and/or funded by Zheng's parents.

A trial court has discretion to award aggrieved parties reasonable attorney fees. Richau v. Rayner, 98 Wn. App. 190, 197, 988 P.2d 1052 (1999) (citing RCW 4.28.328(3)). A trial court abuses its discretion if its decision is based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46–47, 940 P.2d 1362 (1997).

The trial court did not abuse its discretion in declining to award attorney fees because it was Zheng's own conduct which created the confusion as to the true ownership of the assets. Li had a substantial justification for filing the liens and garnishment. The business structure of the Zheng/Zhang LLCs, coupled with Zheng's consistent misrepresentations to third parties, made it extremely difficult for outsiders to discern who owned which assets. This gave Li and her counsel a substantial basis to believe the community had a claim to the assets, and although the liens and garnishment were ultimately found to be invalid, the Zheng/Zhang LLCs are not entitled to attorney fees or costs.

I.    Attorney Fees

RCW 4.28.328 provides for attorney fees and costs incurred by a party who defends against a "lis pendens" or other instrument which clouds title to real property.  If "the claimant establishes a substantial justification for filing the lis pendens," the defendant is not entitled to damages.  Id.  Where "claimants provide no evidence of a legal right to the property," awarding fees and costs is appropriate.  S. Kitsap Fam. Worship Ctr. v. Weir, 135 Wn. App. 900, 912, 146 P.3d 935 (2006).  However, if the claimant has "a reasonable, good faith basis in fact or law for believing they have an interest in the property, a lis pendens is substantially justified."  Id. (emphasis added).

In Richau, the court found there was no substantial justification when a claimant "did not present any evidence that they had a legal right to the property," rather the claimant relied only "on their 'belief' the property would revert to them if the [defendants] did not build a golf course."  98 Wn. App. at 198.  However, while the court explicitly instructed the trial court to award damages to the defendant, it left it to the trial court's discretion whether to award attorney fees.  Id.

In Keystone Land & Development v. Xerox Corp., the 9th Circuit (interpreting Washington law) held that even though they rejected the claimant's lis pendens claim and granted summary judgment in favor of the defendant, the claimant had substantial justification to bring the lis pendens.  353 F.3d 1070, 1076 (9th Cir. 2003).

Simply because a lien is invalid does not mean the claimant lacked substantial justification to bring the claim.  For example, in Intermountain Electric,

- 4 -

Inc. v. G-A-T Bros. Construction, Inc., the court held that a lien filed outside the 90-day window was invalid on its face, but was not frivolous. 115 Wn. App. 384, 393–94, 62 P.3d 548 (2003). While ultimately invalid, the court reasoned that the trial court might have been persuaded by the legal arguments for tolling the time period, give a liberal construction to the statute, changed the existing law, or simply overlooked the missed deadline. Id.

In this case, Li had substantial bases for filing the liens, and the trial court did not abuse its discretion in agreeing. Ultimately, the misrepresentations of Zheng and the structure of the business entities made it extremely difficult to identify who owned the property and accounts involved. Combined with disappearing assets, Zheng's refusal to pay for his children's basic needs, and violation of court orders, it is clear why counsel sought to protect what they reasonably believed was community property. The property owners were, at best, complicit in Zheng's misconduct. The trial court found Zheng and his family lacked credibility and the judge remained skeptical of the property owners' assertions through the end of trial. It was only after extremely detailed tracing analysis conducted by an expert that the assets were found to be community property. These findings all support the trial court's determination that the property owners were not entitled to attorney fees or costs. This was not an abuse of discretion, and we affirm the trial court's determinations.

A. Equitable Liens

The Zheng/Zhang LLCs argue that Li had no legal basis for filing prejudgment "marital liens" and the property owners are entitled to fees and costs

for having to remove the liens. Li responds that the liens were equitable liens to prevent an injustice and enforce the trial court's January 2, 2019 and February 14, 2019 orders.

Equitable liens are not created by common law or statute, but rather as a tool of equity "where there is no valid lien at law and one is needed to prevent an injustice." In re Marriage of Sievers, 78 Wn. App. 287, 313, 897 P.2d 388 (1995). Courts in this state have imposed equitable liens "for the purpose of securing awards of community property which are to be paid to a spouse in future installments." N. Commercial Co. v. E.J. Hermann Co., 22 Wn. App. 963, 967, 593 P.2d 1332 (1979). The power to impose an equitable lien "arises from the court's inherent authority to make its judgments effective." Id. at 968. However, our case law does not give a party the right to impose an equitable lien. "Where a statutory lien is unavailable, a court may create an equitable lien. Such an order must be express." Bank of Am., N.A. v. Owens, 173 Wn.2d 40, 49, 266 P.3d 211 (2011) (emphasis added). To determine whether a court has imposed an equitable lien, "we look to the actual language of the judgment." Id. at 50 (emphasis added). In briefing, Li concedes that "Washington courts have imposed equitable liens," citing only cases where a trial court imposed an equitable lien, not a party.

Here, the lien was filed by a party, not awarded by a judge. While the lien was not truly an equitable one, a lien may be ultimately invalid and still have a substantial justification that supported its initial filing. This case is similar to Intermountain Electric, Inc., where the court held that the claimant brought potentially meritorious claims even though the lien was brought outside of the strict

90-day filing period (thus, rendering it facially invalid). 115 Wn. App. at 394 (analyzing a statutory, construction lien). The trial court might have been persuaded that its temporary order gave rise to an equitable lien, or read Washington case law more expansively to permit a party to file an equitable lien. The trial court did not abuse its discretion in denying attorney fees and costs.

### B. Community Property Liens

Li alternatively argues that the liens were community property liens under RCW 26.16.100. The LLCs argue the lien was improper because Zheng "did not have 'legal title of record.'"

Again, Li reasonably believed the assets were community property, and that Zheng held legal title. The structure of the business enterprise made it "very difficult for an outsider to see who really owned the property" until the defendants submitted a detailed tracing of assets. The trial court cited Zheng's lack of credibility as a reason Li, her counsel, and the trial court could not believe representations by Zheng and the LLCs about which assets belonged to Zheng and/or the community.

### II. Wrongful Garnishment Claim

RCW 6.27.060 permits a judgment creditor to garnish accounts of a defendant or judgment creditor. The Zheng/Zhang LLCs argue Li had no lawful justification for her garnishment because the account belonged to Z Real Estate, Inc. The Zheng/Zhang LLCs argue they are entitled to attorney fees under RCW 6.27.320. Li asserts that RCW 6.27.320 only provides for attorney fees where the

party seeking garnishment satisfies the judgment for a different source, but continues holding defendant's funds.

The plain language of RCW 6.27.320 provides that when a plaintiff obtains satisfaction of the judgment and payment of recoverable costs "from a source other than the garnishment," it is the plaintiff's duty to obtain a dismissal. Failure to do so entitles a defendant to move for dismissal and obtain its costs. Id.

Here, Li did not obtain satisfaction of a judgment from another source. Additionally, it was reasonable for Li to believe the bank account belonged to the community—the U.S. Bank account was opened by Zheng, U.S. Bank treated him as the owner and did not know who the account actually belonged to, and it was only after a detailed tracing was complete that the true source of the funds was revealed. Again, the trial court reiterated that Zheng's lack of credibility made it difficult for Li and the court to believe Zheng's and the property owners' representations. The trial court did not abuse its discretion in finding that the Zheng/Zhang LLCs were not entitled to attorney fees or costs.

III.    Attorney Fees on Appeal

Both parties request attorney fees on appeal. Attorney fees are available to a prevailing party under RAP 18.1(a) when applicable law grants the right to recover those fees.

The Zheng/Zhang LLCs request attorney fees under Richau. There, the court awarded the prevailing party attorney fees on appeal under RCW 4.28.328(3). 98 Wn. App. at 199. Because they have not prevailed, the Zheng/Zhang LLCs are not entitled to attorney fees on appeal.

Li requests attorney fees under RAP 18.9(a), arguing that the Zheng/Zhang LLCs filed a frivolous appeal. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007). The Zheng/Zhang LLCs' appeal does not meet this standard of frivolousness, therefore Li's request is also denied.

Affirmed.

WE CONCUR: