

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DEBRA KAY MCCLAIN, a single person, | ) ) ) | No. 39176-1-III |
| Appellant, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| ELIZABETH J. SANCHEZ, a single person, | ) ) ) | |
| Respondent. | ) | |

STAAB, J. — Debra McClain appeals from the superior court's summary judgment order in her quiet title action against Elizabeth Sanchez. McClain argues the superior court erred in granting Sanchez's motion for summary judgment because there was a genuine issue of material fact regarding whether Sanchez used undue influence to acquire the property in question. Sanchez contends that the superior court's summary judgment order was correct and requests attorney fees on appeal. We conclude that McClain's appeal is frivolous, and we decline to address her arguments as they have not been properly briefed and preserved. In addition, under RAP 18.9(a), we order counsel for McClain to pay Sanchez's reasonable attorney fees for responding to this appeal.

BACKGROUND

As this case was decided on summary judgment, the following facts are set forth in the light most favorable to the nonmoving party, McClain.

McClain and Sanchez were friends for several years and called each other sisters. McClain owned and resided at a property located in Wenatchee, Washington that was encumbered by a mortgage. In early 2018, McClain approached Sanchez about taking over the mortgage payment on the property and paying her an additional sum in exchange for McClain deeding the property to Sanchez. McClain said she intended to move to Hawaii and needed money.

In September 2018, McClain deeded the property to Sanchez. The deed purported to convey the property as a gift, but Sanchez also paid McClain $6,000 and started making payments on the mortgage attached to the home. Although Sanchez did not assume the mortgage, she agreed to make payments on it as part of the transaction. The mortgage subsequently lapsed.

McClain brought a quiet title action against Sanchez, alleging that Sanchez asserted undue influence to acquire ownership of the property. McClain claimed that she "suffer[ed] from a variety of issues and, as such, [had] a caseworker." Clerk's Papers (CP) at 4. She also stated that she had "been diagnosed with depression, PTSD,[1]

---

[1] Post-traumatic stress disorder.

2

anxiety, bi-polar, and [was] a pancreatic cancer survivor" and had been using heroin in the fall of 2018 when the transaction in question occurred. CP at 4. McClain claimed that Sanchez convinced her to deed ownership of the property to Sanchez for $6,000 even though it was worth $174,200. McClain said that she did not realize her actions in selling the house until she became sober in December 2018.

Sanchez moved for summary judgment, arguing that there was no evidence supporting McClain's contentions of cognitive impairment, diminished capacity, or inability to make an informed decision or gift.

In support of her motion, Sanchez provided a declaration from expert witness Dr. Catherine MacLennan, who reviewed medical records produced by McClain. Dr. MacLennan noted that according to the records, McClain had not been seen once for medical care in 2018, the year she deeded the house to Sanchez. Dr. MacLennan explained that nothing in McClain's medical records demonstrated that she had been treated for any conditions at any point "that would render her susceptible to either undue influence or manipulation or render [her] incapable of making her own independent decisions." CP at 97. Dr. MacLennan also stated that according to the medical records provided, none of McClain's prescriptions, if taken as prescribed, would have affected McClain's judgment.

McClain responded to Sanchez's motion for summary judgment, arguing that McClain's use of heroin during the time period of the transaction created a genuine issue

No. 39176-1-III
*McClain v. Sanchez*

of material fact as to undue influence. In response to Dr. MacLennan's declaration, McClain stated, "I am not a medical doctor and thus not able to make any medical opinions regarding [Dr. MacLennan's] analysis but I do disagree with her conclusions." CP at 37. In another declaration, McClain said that Sanchez persuaded her to deed the house so that Sanchez could refinance the house and "get things in order." CP at 25.

The superior court granted Sanchez's motion for summary judgment and McClain appeals.[2]

## ANALYSIS

### 1. SUMMARY JUDGMENT

McClain argues that there was a genuine issue of material fact as to undue influence, and therefore, the superior court erred in granting Sanchez's motion for summary judgment. We disagree.

Orders on summary judgment are reviewed de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Evidence is considered in a light most favorable to the nonmoving party. *Id.* Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Mere speculation is insufficient to support or defeat a motion for summary judgment. *Umpqua Bank v. Gunzel*, 19 Wn. App. 2d 16, 34, 501 P.3d 177 (2021).

---

[2] The notice of appeal has not been designated as part of the record on appeal.

4

We apply additional principles to the summary judgment standard where a party claims undue influence, as undue influence is a mixed question of law and fact. *Kitsap Bank v. Denley*, 177 Wn. App. 559, 569, 312 P.3d 711 (2013). The party asserting undue influence must demonstrate it by clear, cogent, and convincing evidence at trial. *Id.* To survive summary judgment, the party asserting undue influence "must present sufficient evidence to make it highly probable that the undue influence claim will prevail at trial." *Id.*

"Undue influence involves unfair persuasion that seriously impairs the free and competent exercise of judgment." *In re Estate of Jones*, 170 Wn. App. 594, 606, 287 P.3d 610 (2012). A party may demonstrate undue influence by virtue of a confidential relationship. *Id.* "A confidential relationship exists when one person has gained the confidence of the other and purports to act or advise with the other person's interest in mind." *Id.* Confidential relationships are particularly likely to arise in family relationships. *Kitsap Bank*, 177 Wn. App. at 572. A close "friendship, on its own, does not establish a confidential relationship." *Id.*

McClain argues that the superior court erred in granting Sanchez's motion for summary judgment because there was a genuine issue of material fact as to whether Sanchez asserted undue influence. Although McClain block quotes a pattern jury instruction and portions of the *Restatement (Second) of Contracts* (Am. Law Inst. 1981), she fails to provide any analysis or reasoned argument to support her position.

5

Accordingly, we decline to address her argument as it has not been properly briefed. *See*

*State v. Stubbs*, 144 Wn. App. 644, 652, 184 P.3d 660 (2008) ("Passing treatment of an

issue or lack of reasoned argument is insufficient to allow for our meaningful review."),

*rev'd on other grounds by* 170 Wn.2d 117, 240 P.3d 143 (2010).

For the first time on appeal, McClain also argues that there was a confidential

relationship between her and Sanchez as they were close friends who referred to each

other as sisters.[3] We also decline to address this argument as it has not been properly

preserved. *See* RAP 2.5(a).

In sum, we decline to address McClain's arguments as they have not been properly

briefed and accordingly affirm the superior court's summary judgment order.

2.    ATTORNEY FEES

Sanchez argues that she is entitled to attorney fees on appeal. RAP 18.9(a)

provides that the appellate court, on its own initiative, may order counsel who files a

frivolous appeal to pay sanctions. "'Appropriate sanctions may include, as

compensatory damages, an award of attorney fees and costs to the opposing party.'"

*Kinney v. Cook*, 150 Wn. App. 187, 195, 208 P.3d 1 (2009) (quoting *Yurtis v. Phipps*,

143 Wn. App. 680, 696, 181 P.3d 849 (2008)). "'An appeal is frivolous if, considering

---

[3] Although Sanchez states in her brief that McClain raised an argument regarding a confidential relationship during the motion for summary judgment, the record does not support this.

6

the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal.'" *Id.* (quoting *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007)). Any doubt as to whether an appeal is frivolous is resolved in favor of the appellant. *Id.*

Here, McClain fails to raise any issues that we can address as her issues were either improperly briefed or not preserved. There are no debatable issues, and it is so devoid of merit that there is no possibility of this court reversing. Accordingly, we determine that her appeal is frivolous and order appellate counsel to pay Sanchez's appellate attorney fees and costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

7