IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| MITCHELL SHOOK, | No. 57246-0-II |
| Plaintiff, | |
| v. | |
| CITY OF TACOMA, | |
| Respondent, | UNPUBLISHED OPINION |
| THOMAS MCCARTHY and CHRISTOPHER T. ANDERSON, | |
| Appellants, | |
| v. | |
| CITY OF TACOMA, | |
| Respondent. | |

MAXA, J. – Thomas McCarthy and Christopher Anderson appeal the trial court's grant of summary judgment in favor of the City of Tacoma and denial of their summary judgment motions regarding whether the City lawfully could lease its Click! Network to Rainier Connect without approval by the City's voters.

In 1996, the City authorized Tacoma Power's Light Division, a part of Tacoma Public Utilities (TPU), to build a new telecommunications system as part of its electric utility infrastructure to assist in the generation, distribution, and transmission of electricity. The system also had sufficient capacity to provide cable television, broadband transport, and high-speed

internet to Tacoma Power customers, which resulted in the formation of Click!. Click! operated for over 20 years as a sub-unit of Tacoma Power.

In 2019, the City determined that it no longer wanted to operate Click!. The City Council adopted a resolution that declared Click!'s assets and the telecommunications system's excess capacity to be surplus and not required for or essential to continued utility service. The City then entered into an agreement with Rainier Connect under which Tacoma Power would retain control and ownership of the telecommunications system and, in exchange for a fee, Rainier Connect would use the excess capacity to provide cable, video, and internet access. Rainier Connect subsequently assumed operational control of Click!.

RCW 35.94.010 states that a city may lease or sell any "public utility" works, plant, or system, but under RCW 35.94.020 such a lease or sale cannot take effect until approved in an election by the city's voters. However, RCW 35.94.040(2) provides that voter approval is not required if the property "is surplus to the city's needs and is not required for providing continued public utility service." In addition, § 4.6 of the Tacoma City Charter (TCC) states that the City cannot sell or lease parts of any "utility system" without a vote of the people if the system is "essential to continued effective utility service."

McCarthy and Anderson argue that the trial court erred in granting summary judgment in favor of the City because Click! was a public utility and the City's decision to declare Click! to be surplus was arbitrary and capricious. Therefore, a vote of the people was required. The City argues that (1) res judicata bars McCarthy's and Anderson's claims based on the trial court's summary judgment ruling in the Shook/Bowman lawsuit, (2) Click! was not a public utility, and (3) the City Council's decision to declare Click! to be surplus was not arbitrary and capricious.

We hold that the City Council's decision to declare Click! to be surplus and not required for or essential to continued utility service was not arbitrary and capricious, and therefore we do not address the other two issues. Accordingly, we affirm the trial court's grant of summary judgment in favor of the City and denial of McCarthy's and Anderson's summary judgment motions.

FACTS

*Background*

In 1996, the Tacoma City Council adopted ordinance 25930, which authorized the construction of a telecommunications system as a separate system of Tacoma Power's Light Division and the issuance of bonds to fund the construction. The telecommunications system was designed to perform a number of traditional electric utility functions, including substation communications functions, automated meter reading, automated billing and bill payment, distribution automation, and government communications functions. The system also was designed to provide cable television, internet access, and transport of signals for service providers offering telecommunications services.

The City then initiated a declaratory judgment against the City's taxpayers and ratepayers to confirm that the enactment of the ordinance and the City's ability to issue revenue bonds was lawful.[1] The trial court granted summary judgment in favor of the City, ruling that the City had authority to provide cable television services and to lease telecommunications facilities and capacity to telecommunications providers.

In 1997, the City Council adopted substitute resolution 33668, which approved Tacoma Power's plan to develop a fiber optic, broad band telecommunications system to provide

---

[1] *City of Tacoma v. Taxpayers and Ratepayers,* Superior Court No. 96-2-09938-0 (1996).

enhanced electric utility functions as well as cable television service, high speed internet access, and data transport. Tacoma Power constructed approximately 1,500 miles of fiber and coaxial cable. Using the excess capacity of this system, Tacoma Power in 1998 created a sub-unit to provide commercial telecommunication services to its customers under the brand name Click!. Click! operated for the next 20 years.

Over the years, Click!'s operational costs increased significantly, consumer demand for cable television reduced, and Click!'s business model became outdated. In January 2018, an outside consultant suggested a business model in which the City would retain ownership of the telecommunications system including Click!, and a third party would provide cable television and/or internet access while covering Click!'s capital and operating costs.

In August 2018, the consultant recommended that the City Council negotiate term sheets with Rainier Connect and another provider to take over operation of Click!. In March 2019, the City directed the TPU director to enter into good faith negotiation of agreements with Rainier Connect in which the City would retain ownership of the existing telecommunications system and Rainier Connect would use the system's excess capacity to provide cable, video, and internet access. Negotiations resulted in the drafting of the Click! Business Transaction Agreement between the City and Rainier Connect under which Rainier Connect would assume control of Click!.

In October, the City held a public hearing to discuss the proposed surplus of Click!'s assets and excess capacity of the telecommunications system. In November, the City Council adopted Resolution No. 40467, which found Click!'s assets and excess capacity were surplus to the needs of Tacoma Power and TPU. The resolution stated:

> [C]onsistent with RCW 35.94.040 and Section 4.6 of the City Charter, the City Council
> does hereby find and determine that the Click! Assets and Excess Capacity in the HFC
> Network, as described in the recitals above, are not required for, and are not essential

> to, continued public utility service or continued effective utility service and, pursuant to applicable law, are properly declared surplus property and excess to the needs of Tacoma Power, Tacoma Public Utilities, and the City.

Clerk's Papers (CP) at 854-55. The City then adopted Resolution No. 40468, which authorized the execution of the Click! Business Transaction Agreement between Tacoma Power and Rainier Connect.

In April 2020, Tacoma Power transferred full operational control of Click! to Rainier Connect.

*Lawsuits Against the City*

In April 2019, Mitchell Shook, representing himself, filed a lawsuit against the City under cause number 19-2-07135-0 seeking an order prohibiting the City from leasing Click! to Rainier Connect without approval from the City's voters. Shook alleged that he was "a resident of Tacoma, a Tacoma Public Utilities rate payer and Click! customer; and, as such has standing to seek the relief requested in this petition." CP at 3.

McCarthy and Anderson also filed suit against the City regarding the potential lease of Click! to Rainier Connect. Paragraphs 1.1 and 1.2 of the complaint described McCarthy and Anderson as follows:

> [McCarthy] is a resident of the city of Tacoma, county of Pierce, state of Washington. Mr. McCarthy is a residential customer and ratepayer of Tacoma Power. Mr. McCarthy also subscribes to residential Internet access over Click! Network.

> [Anderson] is a resident of the city of Tacoma, county of Pierce, state of Washington. Mr. Anderson is a residential customer and ratepayer of Tacoma Power. Mr. Anderson also subscribes to residential Internet access over Click! Network.

CP at 3290-91.

The trial court consolidated the Shook lawsuit and the McCarthy/Anderson lawsuit under the Shook cause number. Shook subsequently filed an amended complaint that asserted federal

claims. The City then removed the case to federal court in September 2019. The case eventually was remanded back to state court in April 2020.

In October 2019, Shook and Darrel Bowman filed separate lawsuits against the City regarding the potential lease of Click! to Rainier Connect. The lawsuits were consolidated under cause number 19-2-11506-3.

*Summary Judgment in Shook/Bowman Case*

In the Shook/Bowman case, the City, Shook, and Bowman all filed summary judgment motions. Bowman was represented by counsel and Shook represented himself. The trial court heard oral argument in February 2019.

The trial court first addressed whether Click! was a "public utility" under RCW 35.94.040 and TCC § 4.6. The court noted that Click! "is a telecommunications system that operates on the excess capacity of TPU's electric [utility's] existing infrastructure." CP at 2119. The court found that there was "no dispute that the CLICK! Network was never formally dedicated as a public utility," and that "the CLICK! Network is not a stand-alone utility." CP at 2119-20. However, the court concluded that Click! was "originally acquired for public utility purposes under RCW 35.94.040 and a part of a utility system under Tacoma City Charter Section 4.6." CP at 2120.

The trial court then addressed whether the City's determination that Click! was surplus and not essential to continued effective utility service under RCW 35.94.040 and TCC § 4.6 was lawful. The court reviewed this determination using the arbitrary and capricious standard – whether the City Council's decision was "willful and unreasoning or without consideration of and in disregard of facts or circumstances." CP at 2021. The court found that all of the City's reasons for declaring Click! surplus were reasonable and ruled in favor of the City:

6

> The plaintiffs have failed to raise genuine issues of material facts on this issue of whether the City's decisions were arbitrary and capricious. The Court has no basis to invalidate the City's decisions, and as such, the City's resolutions must stand. Because the City is determined that Click!'s assets and the excess capacity are surplus and not essential, the public vote requirements in RCW 35.94.040 and Tacoma City Charter Section 4.6 are not triggered.

CP at 2123.

The trial court entered an order granting summary judgment in favor of the City and dismissing Shook's and Bowman's claims against the City with prejudice on February 28, 2020.

Shook and Bowman appealed the trial court's summary judgment order. However, in April 2020 Shook entered into a settlement agreement with the City in which he agreed to dismiss all pending litigation against the City. In July 2020, this court dismissed the appeal in the Shook/Bowman lawsuit based on the parties' stipulation.

*Summary Judgment in McCarthy/Anderson Case*

In the McCarthy/Anderson case, both the City and McCarthy and Anderson filed summary judgment motions in July 2022. The trial court granted summary judgment in favor of the City. The court concluded that Click! was not a public utility within the meaning of RCW 35.94.020 or TCC § 4.6. Therefore, the agreement with Rainier Connect was not subject to a public vote. The court did not grant summary judgment based on res judicata relating to the Shook/Bowman lawsuit.

McCarthy and Anderson appeal the trial court's grant of summary judgment in favor of the City and the denial of their summary judgment motions.

ANALYSIS

A.    SUMMARY JUDGMENT STANDARD

We review summary judgment orders de novo. *Mihaila v. Troth*, 21 Wn. App. 2d 227, 231, 505 P.3d 163 (2022). We view all evidence in the light most favorable to the nonmoving

party, including reasonable inferences from the evidence. *Id.* Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* A genuine issue of material fact exists if reasonable minds can come to different conclusions on a factual issue. *Id.* But summary judgment can be determined as a matter of law if the material facts are not in dispute. *Antio, LLC v. Dep't of Revenue*, 26 Wn. App. 2d 129, 134, 527 P.3d 164 (2023).

We can affirm a trial court's grant of summary judgment on any ground supported by the record. *Johnson v. Liquor & Cannabis Bd.*, 197 Wn.2d 605, 611, 486 P.3d 125 (2021).

B.      DETERMINATION THAT CLICK! WAS SURPLUS

McCarthy and Anderson argue that the City's decision to declare Click! to be surplus was contrary to law and arbitrary and capricious. We disagree.

As noted above, RCW 35.94.040(2) states that the public vote requirement in RCW 35.94.020 does not apply if a city determines that property originally acquired for public utility purposes "is surplus to the city's needs and is not required for providing continued public utility service." And the public vote requirement in TCC § 4.6 applies only to parts of a utility system that are "essential to continued effective utility service."

The City's Resolution 40467 expressly stated,

> [C]onsistent with RCW 35.94.040 and Section 4.6 of the City Charter, the City Council does hereby find and determine that the Click! Assets and Excess Capacity in the HFC Network, as described in the recitals above, are *not required for, and are not essential to, continued public utility service or continued effective utility service* and, pursuant to applicable law, are properly *declared surplus property* and excess to the needs of Tacoma Power, Tacoma Public Utilities, and the City.

CP at 854-55. The issue here is whether this determination was lawful.

The City Council's adoption of Resolution 40467 was a legislative decision. We review legislative decisions under an arbitrary and capricious standard. *Teter v. Clark County*, 104 Wn.2d 227, 234, 704 P.2d 1171 (1985). Under this standard,

> [a] legislative determination will be sustained if the court can reasonably conceive of any state of facts to justify that determination. To be void for unreasonableness, an ordinance or resolution must be "clearly and plainly" unreasonable. Thus, appellants have a heavy burden of proof that the respondents' actions were willful and unreasoning, without regard for facts and circumstances.

*Id.* at 234-35 (citations omitted).

Here, the City determined that it no longer made sense to operate Click! as part of its electric utility. The City Council made the following findings in Resolution 40467:

> WHEREAS, since [1998], technology and consumer demands have changed with consumers shifting from predominantly consuming cable programming services to predominantly consuming internet access services, and

> WHEREAS operational costs for the Click! Network have significantly increased since 1998 while the Click! Network business model has become outdated and unable to respond quickly or efficiently to changes in the market place or provide the capacity to make capital investments necessary to upgrade the network and compete with the private sector.

CP at 849. In other words, the City concluded that operating Click! as part of Tacoma Power no longer was cost effective or beneficial.

This decision was made after careful consideration. Resolution 40467 found that the Public Utilities Board (PUB) had engaged in "many years of study" regarding alternative Click! business models and in conjunction with the City Council had hired an outside consultant to assist in the analysis. CP at 850. The consultant recommended that the City no longer operate Click! and engage in negotiations with third party providers. In addition, both the PUB and the City Council held public hearings regarding the proposed surplus of Click! assets.

9

Finally, the facts supported the City's determination that operation of Click! was not required for or essential to continued utility service. The City provided a declaration from Tenzin Gyaltsen, the general manager of Click!, who testified that there were no Tacoma Power customers who were relying on any part of Click! for any of their utility services.

McCarthy and Anderson make two arguments in support of invalidating Resolution 40467. First, Anderson argues that Resolution 40467 was contrary to law and void because RCW 35.94.040 does not authorize a city to declare an entire utility system surplus. However, *Coates v. City of Tacoma* established that Click! was not a separate utility system. 11 Wn. App. 2d 688, 698, 457 P.3d 1160 (2019). Instead, this court concluded that Click! was merely a betterment of the City's electric utility. *Id.* Therefore, the City did not declare an "entire utility system" surplus.

Second, McCarthy and Anderson emphasize that Click! continues to provide the exact same services to Tacoma Power customers as when the City operated Click!. They claim that this fact means that Click! continues to be essential for continued utility service. However, the question is whether the operation of Click! is essential for *the City* to provide continued utility service, not whether some other entity is providing the service. There is no evidence suggesting that it was essential for the City to provide cable television and internet access to its electric utility customers.

We conclude that the City did not act arbitrarily or capriciously in adopting Resolution 40467. And although the trial court did not rule on this basis, we can affirm a summary judgment order on any ground supported by the record. *Johnson*, 197 Wn.2d at 611. Therefore, we hold that the trial court did not err in granting summary judgment in favor of the City.

C.       ATTORNEY FEES ON APPEAL

The City argues that McCarthy's and Anderson's appeal is frivolous, and therefore we should award attorney fees to the City under RAP 18.9(a). In fact, the prevailing theme of the City's entire brief is that every argument McCarthy and Anderson made was frivolous. We disagree.

An appeal is frivolous if, considering the entire record, we determine that the appeal presents no debatable issues and is completely without merit. *Lutz Tile Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007).

The City argues that this appeal is frivolous because res judicata bars McCarthy's and Anderson's claims. But McCarthy and Anderson argue that res judicata should not apply to bar their claims because they were not parties to the Shook/Bowman lawsuit. This argument raises debatable issues and is not completely without merit.

The City argues that McCarthy's and Anderson's argument regarding whether the public vote requirements of RCW 35.94.020 and TCC § 4.6 apply to the lease of Click! are frivolous, primarily based on *Coates*, 11 Wn. App. 2d 688. But although *Coates* held that Click! was not a stand-alone public utility, *id.* at 698, both RCW 35.94.020 and TCC § 4.6 require a public vote for the lease of a *part* of a utility system. *Coates* did not necessarily resolve whether Click! is a "part of" Tacoma Power. In addition, the trial court in the Shook/Bowman lawsuit ruled against the City on this issue, and arguably collateral estoppel precludes the City from even raising this issue.

Finally, the City argues that McCarthy's and Anderson's challenge to the determination that Click! was surplus and not required for or essential public utility service is frivolous. But this issue involves unique facts – declaring "surplus" a system that is still viable and will

11

continue to function as before under a different operator. McCarthy's and Anderson's argument on this question raises debatable issues and is not completely without merit.

We reject the City's baseless claim that this appeal is frivolous and decline to award attorney fees to the City on appeal.

## CONCLUSION

We affirm the trial court's grant of summary judgment in favor of the City and denial of McCarthy's and Anderson's summary judgment motions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, J.

PRICE, J.