IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

FRANCISCA MARIA WONDRACK,     )       No. 40082-4-III
                                       )
          Respondent,         )
                                         )
   v.                               )       UNPUBLISHED OPINION
                                         )
MARK JAY WONDRACK,            )
                                         )
          Appellant.          )

KORSMO, J.P.T. [1] — Mark Jay Wondrack appeals an order extending a domestic violence protection order (DVPO) entered in favor of Francisca Maria Wondrack, Francisca's [2] daughter, and Mark and Francisca's shared daughter, S. We affirm the superior court and award Francisca her attorney fees and costs.

Francisca obtained the initial DVPO on October 4, 2022, following an incident where Mark, knowing that Francisca did not swim well, threw her into the Columbia

---

[1] Kevin M. Korsmo, a retired judge of the Washington State Court of Appeals, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).

[2] Because of the shared surname, we will use the first names of the parties for clarity and intend no disrespect.

River while she was attempting to pull up their boat's anchor and had the chain wrapped

around her arm.  S, a three-year-old, was on the boat at the time of the incident.  Evidence

of other abuse during the couple's six-year relationship also was introduced at the DVPO

hearing.  Both children were alleged to be afraid of Mark. The order covering Francisca

and her daughters was granted for a one-year period.  Mark did not appeal from the

DVPO.  Meanwhile, actions for legal separation and dissolution of marriage were filed

and ultimately consolidated in the Benton County Superior Court.  All matters were

assigned to a visiting judge, the Honorable Richard T. Okrent of the Snohomish County

Superior Court.

Francisca moved before Judge Okrent to extend the DVPO for an additional 20

years.  She presented evidence that Mark had been convicted in Benton Country District

Court of multiple violations of the DVPO and that he had been terminated from a court-

ordered domestic violence perpetrator program for noncompliance.  Mark did not present

evidence, but did argue against extending the DVPO.[3] He was in treatment with a

different provider at the time of the hearing.

---

[3] With the consolidated separation/dissolution case being the primary vehicle, it is not surprising that the parties referenced rulings and evidence filed under that case rather than the DVPO action.  The dissolution case shows a vigorously contested action with numerous motions and orders, several of which were referenced at the DVPO extension hearing.

Judge Okrent granted an extension of the DVPO for one year on October 25, 2023,

at a hearing that also addressed additional issues from the dissolution case.  He noted

that the final resolution of the dissolution would settle matters related to child custody

and visitation, so a 20-year protection order "makes absolutely no sense."  1 Rep. of Proc.

(RP) (Oct. 25, 2023) at 29.  While a domestic violence evaluation might have been a basis

for a substantial change in circumstances, the evaluation had not been completed or

provided to the judge.  *Id*. at 28.   However, the plea of guilty to the DVPO violations was

a significant change in circumstances.  *Id*.

Mark appealed from the order extending the DVPO.  Here he argues that the

superior court did not consider the relevant statutory factors and violated his due process

right to parent his child.  Francisca argues that she is entitled to attorney fees and costs for

responding to a frivolous appeal, contending that Mark is using litigation to drive up

her costs and prolong the dissolution proceedings.[4]

---

[4] This court requested briefing on whether the appeal was moot due to the expiration of the 2023 renewal order.  Both parties argue that the appeal is not moot, with Mark contending a "stigma[ ]" attached to him from the DVPO extension, Suppl. Br. of Appellant at 4-5, despite his failure to challenge the initial order and Francisca seeking her attorney fees and costs for a frivolous appeal.  While we are unconvinced that the matter is not moot, prudential concerns for judicial economy lead us to address the merits of this appeal.  Should we see another appeal from an extension order, another panel of this court may see the mootness issue differently.

No. 40082-4-III
*Wondrack v. Wondrack*

ANALYSIS

*Change in circumstances*

Mark contends that the superior court failed to consider and/or improperly applied the statutory factors relevant to extending a DVPO. We conclude that the trial judge properly exercised his discretion.

RCW 7.105.405 governs motions to renew civil protection orders. A petitioner may file a motion to renew an order at any time within 90 days of the order's expiration. RCW 7.105.405(1). The motion must state the reasons the petitioner seeks to renew the order and a hearing must be held. *Id.* If the motion is uncontested and the petitioner does not seek to modify the order, but only to extend it, the order may be renewed on the basis stated by the petitioner. RCW 7.105.405(2). The terms of the order must not be changed on renewal unless requested by the petitioner. RCW 7.105.405(7). "If the protection order includes the parties' children, a renewed protection order may be issued for more than one year, subject to subsequent orders entered in a proceeding under chapter 26.09 [dissolution proceedings–legal separation], 26.26A [uniform parentage act], or 26.26B [miscellaneous parentage act provisions] RCW." RCW 7.105.405(9).

A superior court abuses its discretion when its decision is manifestly unreasonable or is based "on untenable grounds or for untenable reasons, or if its decision was reached

4

by applying the wrong legal standard." *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017); *see In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). A decision is manifestly unreasonable when it falls beyond the range of acceptable choices in light of the facts and applicable legal standard; it is based on untenable grounds if its factual findings are unsupported by substantial evidence in the record; and it is based on untenable reasons if it is founded on an inaccurate legal standard. *Littlefield*, 133 Wn.2d at 47. This court defers to a trial court, as the trier of fact, on questions of credibility, conflicting testimony, or persuasiveness of the evidence. *In re Vulnerable Adult Pet. for Knight*, 178 Wn. App. 929, 936-37, 317 P.3d 1068 (2014). "Appellate courts do not hear or weigh evidence, find facts, or substitute their opinions for those of the trier-of-fact." *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

This court reviews a trial court's findings of fact for substantial evidence. *Davis v. Arledge*, 27 Wn. App. 2d 55, 64, 531 P.3d 792 (2023). "'Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise.'" *Id.* (quoting *Bering v. Share*, 106 Wn.2d 212, 220, 721 P.2d 918 (1986)).

"The petitioner bears no burden of proving that he or she has a current reasonable fear of harm by the respondent." RCW 7.105.405(3). Instead, the respondent bears the burden of establishing, by a preponderance of the evidence, a substantial change in circumstances demonstrating that the respondent will not resume acts of domestic violence. RCW 7.105.405(4)(a).

In assessing that substantial change in circumstances, the statute lists various factors a court "may" consider. Such factors include:

> (a) Whether the respondent has committed or threatened . . . domestic violence; stalking; . . . or other harmful acts against the petitioner or any other person since the protection order was entered;
> (b) Whether the respondent has violated the terms of the protection order and the time that has passed since the entry of the order;
> . . . .
> (d) Whether the respondent has been convicted of criminal activity since the protection order was entered;
> (e) Whether the respondent has either: Acknowledged responsibility for acts of . . . domestic violence, or stalking, . . . or behavior that resulted in the entry of the protection order; or successfully completed state-certified perpetrator treatment or counseling since the protection order was entered;
> (f) Whether the respondent has a continuing involvement with drug or alcohol abuse, if such abuse was a factor in the protection order; . . .
> . . . .

RCW 7.105.405(5).

Mark argues that the superior court abused its discretion by not properly applying the factors enumerated in RCW 7.105.405(5). He does not specifically challenge any of

the court's factual findings, rather, he contends the court did not conduct a thorough review of the RCW 7.105.405(5) factors before concluding there had not been a substantial change in circumstances. We disagree. The statutory factors are neither mandatory nor exclusive; the trial judge need not expressly discuss each one. Moreover, some of the noted factors were directly applicable to this case and were addressed by the trial judge. In particular, Mark did violate the DVPO and was convicted of a crime for doing so. RCW 7.105.405(5)(b), (d).

Judge Okrent expressly relied on these "significant" factors. 1 RP (Oct. 25, 2023) at 28. In addition, the judge also noted that Mark had not completed domestic violence treatment nor, indeed, even provided an evaluation. *Id*.; RCW 7.105.405(5)(e). While a positive treatment report might have persuaded the superior court that Mark had made significant progress justifying a change in the DVPO, there was no evidence to support such a finding. The only evidence before the court showed that Mark had failed to make any significant progress and, thus, remained a danger to the three protected people. Mark came nowhere near meeting his burden of proof under RCW 7.105.405(4)(a). Accordingly, the superior court had very tenable reasons for extending the order.

The superior court did not abuse its discretion in extending the DVPO for an additional year.

*Due process*

Mark next contends that his fundamental liberty interest in raising his daughter has been deprived without due process of law. He did not raise this issue to the superior court and, therefore, lacks a factual predicate for raising this argument on appeal.

The fundamental basis of due process is notice and the right to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). There are a series of factors set forth in *Mathews* to assess a due process claim. *Id*. at 334-35. Washington appellate courts permit manifest constitutional issues to be raised for the first time on appeal. RAP 2.5(a)(3). While most commonly seen in criminal appeals, a constitutional issue also may be initially presented on appeal in a civil case. *State v. WWJ Corp.*, 138 Wn.2d 595, 601-02, 980 P.2d 1257 (1999).

To successfully present a constitutional issue initially on appeal, there must be a sufficient factual record to address the merits of the claim. *Id*. at 602. Without a sufficient factual record to consider the claim, the error is not manifest. *Id*.

Understandably, the record from the superior court is not sufficient to address the claim. Since Mark did not file anything in the superior court alleging constitutional error in the DVPO, neither party presented evidence or authority in support or opposition to such a claim, and the superior court had no reason to analyze it or provide a different

process for doing so. This argument was best addressed in 2022 when the initial DVPO was sought.

The record on review is insufficient to consider this claim.

*Attorney fees and costs*

Francisca seeks attorney fees and costs on appeal for responding to this appeal, arguing both that it is frivolous and that recovery is statutorily authorized. We grant her request on the latter basis.

Under RAP 18.1, a party may recover attorney costs and fees on appeal if applicable law allows. This court may also order a party to pay compensatory damages as a sanction for filing a frivolous appeal. RAP 18.9(a). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007). Mark's appeal was not frivolous. His claim that the superior court abused its discretion by failing to apply the appropriate law under RCW 7.105.405(5), while unsuccessful, presented a debatable issue.

In issuing a civil protection order, RCW 7.105.310(1)(j) grants courts the discretion to require the respondent to pay reasonable attorney fees and costs.

Recent authority issued after the briefing in this case applies the attorney fee and cost award provisions in the civil protection order statute to appellate court proceedings. *See Sullivan v. Schuyler*, 31 Wn. App. 2d 791, 814, 556 P.3d 157 (2024). As the prevailing party on appeal, Francisca is entitled to her reasonable attorney fees and costs.

## CONCLUSION

The superior court's order renewing the DVPO is affirmed. Francisca is awarded her reasonable attorney fees and costs on appeal, subject to compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.P.T.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.

10